Shane M. Biornstad - Bar No. 250202
SBiornstad@shulmanbastian.com
**SHULMAN BASTIAN FRIEDMAN & BUI LLP**
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone: (949) 340-3400
Facsimile: (949) 340-3000

Craig Stewart (Admitted *pro hac vice*)
Shaun C. Kennedy (Admitted *pro hac vice*)
**HOLLAND & HART LLP**
555 Seventeenth Street, Suite 3200
Denver, Colorado 80202
Telephone: (303) 295-8000
Facsimile: (303) 957-5460

Attorneys for DZYNE Technologies, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DZYNE TECHNOLOGIES, LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>SPACEFLIGHT, INC., a Washington Corporation,<br><br>Defendant. | Case No. 2:23-cv-10188-MEMF (ADSx)<br><br>Judge: Maame Ewusi-Mensah Frimpong<br><br>**COUNTERCLAIM DEFENDANT DZYNE TECHNOLOGIES, LLC'S ANSWER TO COUNTERCLAIM** |

For its Answer to Defendant's Counterclaim, Plaintiff DZYNE Technologies, LLC ("DZYNE"), by and through its undersigned counsel, responds as follows:[1]

1. Paragraph 1 of the Counterclaim contains legal conclusions to which no response is required. To the extent a response is required, DZYNE denies the allegations in Paragraph 1 of the Counterclaim.

---

[1] The Counterclaim's introductory statement, headings, and subheadings are not factual allegations to which a response by DZYNE is required. To the extent a response is required, DZYNE denies any allegations set forth therein.

2. Paragraph 2 of the Counterclaim contains legal conclusions to which no response is required. To the extent a response is required, DZYNE denies the allegations in Paragraph 2 of the Counterclaim.

3. DZYNE admits the allegations in the first and third sentences of Paragraph 3 of the Counterclaim. The second sentence of Paragraph 3 of the Counterclaim contains legal conclusions to which no response is required. To the extent a response is required, DZYNE denies the allegation in the second sentence of Paragraph 3 of the Counterclaim.

4. Paragraph 4 of the Counterclaim contains legal conclusions to which no response is required. To the extent a response is required, DZYNE denies the allegations in Paragraph 4 of the Counterclaim.

5. The allegations set forth in DZYNE's Complaint (Doc. 1) speak for themselves and DZYNE denies any allegations inconsistent with that document. DZYNE denies the remaining allegations in Paragraph 5 of the Counterclaim.

6. DZYNE denies the allegations in Paragraph 6 of the Counterclaim.

7. DZYNE denies the allegations in Paragraph 7 of the Counterclaim.

**PARTIES**

8. DZYNE admits the allegations in Paragraph 8 of the Counterclaim.

9. DZYNE admits the allegations in Paragraph 9 of the Counterclaim.

**JURISDICTION AND VENUE**

10. DZYNE admits the allegations in Paragraph 10 of the Counterclaim.

11. DZYNE admits the allegations in Paragraph 11 of the Counterclaim.

12. DZYNE admits the allegations in Paragraph 12 of the Counterclaim.

**FACTUAL BACKGROUND**

**I.**

13. DZYNE lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 13 of the Counterclaim and therefore denies the same.

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

2
COUNTERCLAIM DEFENDANT DZYNE TECHNOLOGIES, LLC'S ANSWER TO COUNTERCLAIM BY SPACEFLIGHT, INC.

14. The allegations set forth in DZYNE's Complaint (Doc. 1) speak for themselves and DZYNE denies any allegations inconsistent with that document. DZYNE denies the remaining allegations in Paragraph 5 of the Counterclaim.

15. DZYNE lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 15 of the Counterclaim and therefore denies the same.

## II.

16. DZYNE admits the allegation in the first sentence of Paragraph 16 of the Counterclaim. DZYNE denies the remaining allegations in Paragraph 16 of the Counterclaim.

17. DZYNE admits the allegations in the first and third sentences of Paragraph 17 of the Counterclaim. DZYNE denies the remaining allegations in Paragraph 17 of the Counterclaim.

18. DZYNE admits the allegations in Paragraph 18 of the Counterclaim.

19. DZYNE admits the allegation in Paragraph 19 of the Counterclaim that it paid Spaceflight $5,075,238 under the Amended LSA. DZYNE denies the remaining allegations in Paragraph 19 of the Counterclaim.

a.

20. The Amended LSA referenced in Paragraph 20 of the Counterclaim speaks for itself and DZYNE denies any allegations inconsistent therewith. DZYNE denies the remaining allegations in Paragraph 20 of the Counterclaim.

21. The Amended LSA referenced in Paragraph 21 of the Counterclaim speaks for itself and DZYNE denies any allegations inconsistent therewith. DZYNE denies the remaining allegations in Paragraph 21 of the Counterclaim.

22. DZYNE denies the allegations in Paragraph 22 of the Counterclaim.

23. The Amended LSA referenced in Paragraph 23 of the Counterclaim speaks for itself and DZYNE denies any allegations inconsistent therewith. DZYNE denies the remaining allegations in Paragraph 23 of the Counterclaim.

24. DZYNE denies the allegations in Paragraph 24 of the Counterclaim.

SHULMAN BASTIAN FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

3
COUNTERCLAIM DEFENDANT DZYNE TECHNOLOGIES, LLC'S ANSWER TO COUNTERCLAIM BY SPACEFLIGHT, INC.

25. DZYNE denies the allegations in Paragraph 25 of the Counterclaim.

26. The Amended LSA referenced in Paragraph 26 of the Counterclaim speaks for itself and DZYNE denies any allegations inconsistent therewith. DZYNE denies the remaining allegations in Paragraph 26 of the Counterclaim.

27. The Amended LSA referenced in Paragraph 27 of the Counterclaim speaks for itself and DZYNE denies any allegations inconsistent therewith. DZYNE denies the remaining allegations in Paragraph 27 of the Counterclaim.

**b.**

28. The Amended LSA referenced in Paragraph 28 of the Counterclaim speaks for itself and DZYNE denies any allegations inconsistent therewith. DZYNE denies the remaining allegations in Paragraph 28 of the Counterclaim.

**c.**

29. The Amended LSA referenced in Paragraph 29 of the Counterclaim speaks for itself and DZYNE denies any allegations inconsistent therewith. DZYNE denies the remaining allegations in Paragraph 29 of the Counterclaim.

30. The Amended LSA referenced in Paragraph 30 of the Counterclaim speaks for itself and DZYNE denies any allegations inconsistent therewith. DZYNE denies the remaining allegations in Paragraph 30 of the Counterclaim.

31. DZYNE denies the allegations in Paragraph 31 of the Counterclaim.

**III.**

32. The Amended LSA referenced in Paragraph 32 of the Counterclaim speaks for itself and DZYNE denies any allegations inconsistent therewith. DZYNE denies the remaining allegations in Paragraph 32 of the Counterclaim.

33. DZYNE admits the allegation in the first sentence of Paragraph 33 of the Counterclaim. The Amended LSA referenced in Paragraph 33 of the Counterclaim speaks for itself and DZYNE denies any allegations inconsistent therewith. DZYNE denies the remaining allegations in Paragraph 33 of the Counterclaim.

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

4
COUNTERCLAIM DEFENDANT DZYNE TECHNOLOGIES, LLC'S ANSWER TO COUNTERCLAIM BY SPACEFLIGHT, INC.

34. DZYNE lacks knowledge or information sufficient to admit or deny the allegations in the first sentence of Paragraph 34 of the Counterclaim and therefore denies the same. DZYNE denies the remaining allegations in Paragraph 34 of the Counterclaim.

35. DZYNE lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 35 of the Counterclaim and therefore denies the same.

36. DZYNE lacks knowledge or information sufficient to admit or deny the allegation in the first sentence of Paragraph 36 of the Counterclaim and therefore denies the same. The Amended LSA referenced in Paragraph 36 of the Counterclaim speaks for itself and DZYNE denies any allegations inconsistent therewith. The third sentence of Paragraph 36 contains legal conclusions to which no response is required. To the extent a response is required, DZYNE denies the allegation in the third sentence of Paragraph 36 of the Counterclaim.

## IV.

37. DZYNE denies the allegations in Paragraph 37 of the Counterclaim.

38. DZYNE denies the allegations in Paragraph 38 of the Counterclaim.

39. Paragraph 39 of the Counterclaim contains legal conclusions to which no response is required. To the extent a response is required, DZYNE denies the allegations in Paragraph 39 of the Counterclaim.

40. The first sentence of Paragraph 40 of the Counterclaim contains legal conclusions to which no response is required. To the extent a response is required, DZYNE denies the allegation in the first sentence of Paragraph 40 of the Counterclaim. DZYNE lacks knowledge or information sufficient to admit or deny the allegation in the second sentence of Paragraph 40 of the Counterclaim and therefore denies the same.

41. DZYNE admits the allegation in the first sentence of Paragraph 41 of the Counterclaim that the Air Force Research Laboratory ("AFRL") issued a letter to DZYNE dated June 5, 2023. The AFRL letter referenced in Paragraph 41 of the

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

5

COUNTERCLAIM DEFENDANT DZYNE TECHNOLOGIES, LLC'S ANSWER TO COUNTERCLAIM BY SPACEFLIGHT, INC.

Counterclaim speaks for itself and DZYNE denies any allegations inconsistent therewith. DZYNE denies the remaining allegations of Paragraph 41 of the Counterclaim.

42. The AFRL letter referenced in Paragraph 42 of the Counterclaim speaks for itself and DZYNE denies any allegations inconsistent therewith.

43. The June 7, 2023 message referenced in Paragraph 43 of the Counterclaim speaks for itself and DZYNE denies any allegations inconsistent therewith.

44. The "attached letter" referenced in Paragraph 44 of the Counterclaim speaks for itself and DZYNE denies any allegations inconsistent therewith. DZYNE denies the remaining allegations in Paragraph 44 of the Counterclaim.

45. DZYNE denies the allegations in Paragraph 45 of the Counterclaim.

46. The June 7, 2023 letter referenced in Paragraph 46 of the Counterclaim speaks for itself and DZYNE denies any allegations inconsistent therewith. DZYNE denies the remaining allegations in Paragraph 46 of the Counterclaim.

47. DZYNE admits the allegation in the first sentence of Paragraph 47 of the Counterclaim. DZYNE lacks knowledge or information sufficient to admit or deny the allegations in the second and fourth sentences of Paragraph 47 of the Counterclaim and therefore denies the same. DZYNE denies the remaining allegations in Paragraph 47 of the Counterclaim.

48. The DZYNE response referenced in Paragraph 48 of the Counterclaim speaks for itself and DZYNE denies any allegations inconsistent therewith. DZYNE denies the remaining allegations in Paragraph 48 of the Counterclaim.

49. The Spaceflight response referenced in Paragraph 49 of the Counterclaim speaks for itself and DZYNE denies any allegations inconsistent therewith.

50. The DZYNE response referenced in Paragraph 50 of the Counterclaim speaks for itself and DZYNE denies any allegations inconsistent therewith.

SHULMAN BASTIAN FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6

COUNTERCLAIM DEFENDANT DZYNE TECHNOLOGIES, LLC'S ANSWER TO COUNTERCLAIM BY SPACEFLIGHT, INC.

51. The June 23, 2023 writing referenced in Paragraph 51 of the Counterclaim speaks for itself and DZYNE denies any allegations inconsistent therewith. DZYNE denies the remaining allegations in Paragraph 51 of the Counterclaim.

52. DZYNE admits the allegation in the first sentence of Paragraph 52 of the Counterclaim that DZYNE transmitted a June 30, 2023 "Stop Work Notice." The "Stop Work Notice" referenced in Paragraph 52 of the Counterclaim speaks for itself and DZYNE denies any allegations inconsistent therewith.

53. Paragraph 53 of the Counterclaim contains legal conclusions to which no response is required. To the extent a response is required, DZYNE denies the allegations in Paragraph 53 of the Counterclaim.

## V.

54. The July 13, 2023 writing referenced in Paragraph 54 of the Counterclaim speaks for itself and DZYNE denies any allegations inconsistent therewith. DZYNE denies the remaining allegations in Paragraph 54 of the Counterclaim.

55. The July 17, 2023 writing referenced in Paragraph 55 of the Counterclaim speaks for itself and DZYNE denies any allegations inconsistent therewith. DZYNE denies the remaining allegation in Paragraph 55 of the Counterclaim.

56. The August 23, 2023 writing referenced in Paragraph 56 of the Counterclaim speaks for itself and DZYNE denies any allegations inconsistent therewith. DZYNE denies the remaining allegation in Paragraph 56 of the Counterclaim.

57. The September 1, 2023 writing referenced in Paragraph 57 of the Counterclaim speaks for itself and DZYNE denies any allegations inconsistent therewith. DZYNE denies the remaining allegation in Paragraph 57 of the Counterclaim.

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

7

COUNTERCLAIM DEFENDANT DZYNE TECHNOLOGIES, LLC'S ANSWER TO COUNTERCLAIM BY SPACEFLIGHT, INC.

58. DZYNE denies the allegations in Paragraph 58 of the Counterclaim.

59. DZYNE denies the allegations in Paragraph 59 of the Counterclaim.

60. DZYNE admits the allegation in the first sentence of Paragraph 60 of the Counterclaim that DZYNE transmitted an AFRL letter date October 16, 2023. The AFRL letter referenced in Paragraph 60 of the Counterclaim speaks for itself and DZYNE denies any allegations inconsistent therewith. DZYNE denies the remaining allegations in Paragraph 60 of the Counterclaim.

61. DZYNE denies the allegations in Paragraph 61 of the Counterclaim.

## VI.

62. DZYNE admits the allegation in the first sentence of Paragraph 62 of the Counterclaim that Spaceflight transmitted a letter purporting to terminate the Amended LSA on October 31, 2023. DZYNE denies the remaining allegations in Paragraph 62 of the Counterclaim.

63. The Amended LSA referenced in Paragraph 63 of the Counterclaim speaks for itself and DZYNE denies any allegations inconsistent therewith.

64. DZYNE denies the allegations in Paragraph 64 of the Counterclaim.

## CLAIMS FOR RELIEF
## FIRST CAUSE OF ACTION

65. DZYNE repeats and incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

66. DZYNE admits the allegation in Paragraph 66 of the Counterclaim that it executed an Amended LSA with Spaceflight. DZYNE denies the remaining allegations in Paragraph 66 of the Counterclaim.

67. DZYNE denies the allegations in Paragraph 67 of the Counterclaim.

68. DZYNE denies the allegations in Paragraph 68 of the Counterclaim.

69. DZYNE denies the allegations in Paragraph 69 of the Counterclaim.

//

//

SHULMAN BASTIAN FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

8

COUNTERCLAIM DEFENDANT DZYNE TECHNOLOGIES, LLC'S ANSWER TO COUNTERCLAIM BY SPACEFLIGHT, INC.

## SECOND CAUSE OF ACTION

70. DZYNE repeats and incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

71. DZYNE admits the allegation in Paragraph 71 of the Counterclaim that it executed an Amended LSA with Spaceflight. DZYNE denies the remaining allegations in Paragraph 71 of the Counterclaim.

72. DZYNE denies the allegations in Paragraph 72 of the Counterclaim.

73. DZYNE denies the allegations in Paragraph 73 of the Counterclaim.

74. DZYNE denies the allegations in Paragraph 74 of the Counterclaim.

75. DZYNE denies the allegations in Paragraph 75 of the Counterclaim

76. DZYNE denies the allegations in Paragraph 76 of the Counterclaim.

## THIRD CAUSE OF ACTION

77. DZYNE repeats and incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

78. DZYNE admits the allegation in Paragraph 78 of the Counterclaim that it executed an Amended LSA with Spaceflight. DZYNE denies the remaining allegations in Paragraph 78 of the Counterclaim.

79. DZYNE denies the allegations in Paragraph 79 of the Counterclaim.

80. DZYNE denies the allegations in Paragraph 80 of the Counterclaim.

## FOURTH CAUSE OF ACTION

81. DZYNE repeats and incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

82. DZYNE denies the allegations in Paragraph 82 of the Counterclaim.

83. DZYNE denies the allegations in Paragraph 83 of the Counterclaim.

84. DZYNE denies the allegations in Paragraph 84 of the Counterclaim.

## ANSWERING THE COUNTERCLAIM AS A WHOLE

Answering all allegations contained in the Counterclaim, DZYNE denies each and every allegation not expressly admitted above.

SHULMAN BASTIAN FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

9

COUNTERCLAIM DEFENDANT DZYNE TECHNOLOGIES, LLC'S ANSWER TO COUNTERCLAIM BY SPACEFLIGHT, INC.

## AFFIRMATIVE DEFENSES

By pleading the following affirmative defenses, DZYNE does not concede that each of the matters set forth by the numbered defenses is to be proven by DZYNE. DZYNE reserves its position that Spaceflight retains the burden of proof on all matters necessary to state the claims asserted in the Counterclaim and establish the damages alleged therein. DZYNE reserves the right to assert additional affirmative defenses that discovery indicates are proper.

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

As a separate and first affirmative defense to the Counterclaim, and to the purported causes of action set forth therein, Counterclaim Defendant alleges that the Counterclaim fails to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE
**(Attorney Fees Barred)**

As a separate and second affirmative defense to the Counterclaim and each purported cause of action contained therein, Counterclaim Defendant alleges that Counterclaim Plaintiff's claim for attorneys' fees is barred by the provisions of California Code of Civil Procedure § 1021.

### THIRD AFFIRMATIVE DEFENSE
**(Breach of Contract)**

As a separate and third affirmative defense to the Counterclaim and each purported cause of action contained therein, Counterclaim Defendant alleges that any obligations owed by it under any alleged contract were excused by Counterclaim Plaintiff's breach of the alleged contract.

### FOURTH AFFIRMATIVE DEFENSE
**(Failure to Mitigate)**

As a separate and fourth affirmative defense to the Counterclaim and each purported cause of action contained therein, Counterclaim Defendant alleges that

SHULMAN BASTIAN FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Counterclaim Plaintiff's claims, if any, are barred for its failure, and/or the failure of the persons and/or entities acting on its behalf, to mitigate any purported damages.

## FIFTH AFFIRMATIVE DEFENSE
### (Justification/Excuse)

As a separate and fifth affirmative defense to the Counterclaim and each purported cause of action contained therein, Counterclaim Defendant alleges that by virtue of the acts of the Counterclaim Plaintiff, and/or the persons and/or entities acting on its behalf, Counterclaim Plaintiff is barred from prosecuting the purported causes of action set forth in the Counterclaim because the acts and/or omissions alleged in the Counterclaim were justified and/or excused.

## SIXTH AFFIRMATIVE DEFENSE
### (No Injury or Damage)

As a separate and sixth affirmative defense to the Counterclaim and each purported cause of action contained therein, Counterclaim Defendant alleges that Counterclaim Plaintiff has not been injured or damaged as a proximate result of any act or omission for which Counterclaim Defendant is responsible.

## SEVENTH AFFIRMATIVE DEFENSE
### (Performance Excused)

As a separate and seventh affirmative defense to the Counterclaim and each purported cause of action contained therein, Counterclaim Defendant alleges that Counterclaim Defendant was excused from any performance due from it to Counterclaim Plaintiff under any of the alleged contracts.

## EIGHTH AFFIRMATIVE DEFENSE
### (Prior Material Breach)

As a separate and eighth affirmative defense to the Counterclaim and each purported cause of action contained therein, Counterclaim Defendant alleges that the purported causes of action asserted in the Counterclaim are barred by reason of the

SHULMAN BASTIAN FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

11
COUNTERCLAIM DEFENDANT DZYNE TECHNOLOGIES, LLC'S ANSWER TO COUNTERCLAIM BY SPACEFLIGHT, INC.

prior material breach of the agreement or agreements by Counterclaim Plaintiff upon which it bases the Counterclaim.

## NINTH AFFIRMATIVE DEFENSE
### (Proximate Cause – Other Persons)

As a separate and ninth affirmative defense to the Counterclaim and each purported cause of action contained therein, Counterclaim Defendant alleges that the damages alleged to have been suffered by Counterclaim Plaintiff in the Counterclaim were proximately caused or contributed to by acts or failures to act of persons other than this answering Counterclaim Defendant, which acts or failures to act constitute an intervening and superseding cause of the damages alleged in the Counterclaim.

## TENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

As a separate and tenth affirmative defense to the Counterclaim and each purported cause of action contained therein, Counterclaim Defendant alleges that Counterclaim Plaintiff is barred in whole or in part from prosecuting the purported causes of action set forth in the Counterclaim by the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Waiver and Estoppel)

As a separate and eleventh affirmative defense to the Counterclaim and each purported cause of action contained therein, Counterclaim Defendant alleges that as a result of its own acts and/or omissions, Counterclaim Plaintiff has waived any right which it may have had to recover, and/or is estopped from recovering, any relief sought against Counterclaim Defendant.

WHEREFORE, Counterclaim Defendant prays for relief as follows:

1. That the Counterclaim be dismissed, with prejudice and in its entirety;

2. That Counterclaim Plaintiff take nothing by reason of this Counterclaim and that judgment be entered against Counterclaim Plaintiff and in favor of Counterclaim Defendant;

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

12

COUNTERCLAIM DEFENDANT DZYNE TECHNOLOGIES, LLC'S ANSWER TO COUNTERCLAIM BY SPACEFLIGHT, INC.

3. That Counterclaim Defendant be awarded its attorney fees and costs incurred in defending this action;

4. That Counterclaim Defendant be granted such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Counterclaim Defendant hereby demands a trial by jury.

Dated: February 16, 2024

Respectfully submitted,

 */s/ Shaun C. Kennedy*
Shane M. Biornstad
SHULMAN BASTIAN FRIEDMAN & BUI LLP
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone: (949) 340-3400
Facsimile:
sbiornstad@shulmanbastian.com

Craig Stewart (Admitted *pro hac vice*)
Shaun C. Kennedy (Admitted *pro hac vice*)
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, Colorado 80202
Telephone: (303) 295-8000
Facsimile: (303) 957-5460
cstewart@hollandhart.com
sckennedy@hollandhart.com

*Attorneys for DZYNE Technologies, LLC*

31468035_v1

SHULMAN BASTIAN FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

13
COUNTERCLAIM DEFENDANT DZYNE TECHNOLOGIES, LLC'S ANSWER TO COUNTERCLAIM BY SPACEFLIGHT, INC.