Shane M. Biornstad - Bar No. 250202
SBiornstad@shulmanbastian.com
**SHULMAN BASTIAN FRIEDMAN BUI & O'DEA LLP**
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone:   (949) 340-3400
Facsimile:    (949) 340-3000

Craig Stewart (Admitted *pro hac vice*)
Shaun C. Kennedy (Admitted *pro hac vice*)
Alexandria E. Pierce (Admitted *pro hac vice*)
**HOLLAND & HART LLP**
555 Seventeenth Street, Suite 3200
Denver, Colorado 80202
Telephone: (303) 295-8000
Facsimile: (303) 957-5460

Attorneys for DZYNE Technologies, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| DZYNE TECHNOLOGIES, LLC<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SPACEFLIGHT, INC.<br><br>　　　　　　Defendant. | Case No. 2:23-cv-10188-MEMF (ADSx)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO EXCLUDE EXPERT TESTIMONY**<br><br>Date: July 23, 2025<br>Time: 9:00 am<br>Courtroom: 8B |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD**:

　　PLEASE TAKE NOTICE that on July 23, 2025 at 9:00 a.m. or as soon thereafter as the matter may be heard, in Courtroom 8B of the United States District Court, Central District of California, located at 350 West First Street, Los Angeles, CA 90012, Plaintiff DZYNE Technologies, LLC ("Plaintiff" or "DZYNE") will, and hereby does, move this Court for an order precluding Defendant Spaceflight, Inc. ("Defendant" or "Spaceflight") or its counsel from introducing any evidence or argument at the trial of this action concerning the opinions of John

-1-

W. Chierichella.

This motion is made pursuant to Federal Rules of Evidence 702 and 403.

This motion is made following the conference pursuant to Local Rule 7-3 which took place via videoconference on June 24, 2025.  Prior to the conference, DZYNE had provided Spaceflight with an email summary of the arguments to be made in the motion.  This motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, and such other additional evidence and argument as may be properly presented in support of this motion.

Dated:  June 25, 2025.

Respectfully submitted,

*s/Craig E. Stewart*

By:   Shane M. Biornstad
SHULMAN BASTIAN FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone: (949) 340-3400
sbiornstad@shulmanbastian.com

Craig Stewart (pro hac vice)
Shaun C. Kennedy (pro hac vice)
Alexandria E. Pierce (pro hac vice)
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, Colorado 80202
Telephone: (303) 295-8000
cstewart@hollandhart.com
sckennedy@hollandhart.com
aepierce@hollandhart.com

Attorneys for Plaintiff
DZYNE Technologies, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Spaceflight offers John W. Chierichella to provide expert testimony that, in most respects, is nothing more than blatant legal opinions, unreliable conjectures, and unreliable narration. It's well-established that this kind of expert opinion usurps both the role of the judge and jury and is thus impermissible under Rule 702. *See infra* § IV.A. The Court should exclude Chierichella's testimony to the extent he intends to (1) testify to legal issues like interpretation of the unambiguous contract at issue, *see infra* § IV.A.1, (2) estimate DZYNE, Spaceflight, and the Air Force Research Laboratory ("AFRL")'s thoughts, intentions, and considerations in terminating the contract (and otherwise), *see infra* § IV.A.2, and (3) provide Spaceflight's theory of the case as a narrative based on record evidence and thinly-veiled attorney argument, *see infra* § IV.A.3. The Court need not look farther than Rule 702 to preclude Chierichella's improper opinions, but because testimony on these topics will fail to help the jury understand any fact in issue, yet bears a significant risk of prejudice to DZYNE, the Court may also exclude it under Rule 403. *See infra* § IV.B.

The remainder of Chierichella's testimony—couched in explanations of "Government contracting parlance" and the way government contracting works in general—is similarly improper. Chierichella's explanations are based on the law, not his experience. The Court is capable of instructing the jury on the select few Government-contracting terms and standards that are relevant to the dispute; everything else amounts to nothing more than Spaceflight's improper attempt to control the narrative. *See infra* § IV.C.

The Court should enter an order excluding Chierichella's testimony in full.

## II.    FACTUAL BACKGROUND

Spaceflight submitted its Rule 26(a)(2)(B) expert witness disclosure for Chierichella along with his report on April 11, 2025. DZYNE has attached the disclosure and Chierichella's expert report as **Exhibit 1**. The disclosure states that "Mr. Chierichella will testify regarding all matters contained in his attached report, including (1) whether the Prime Contract WeatherSAT Project Launch effort was terminated for the convenience of the Government as that term is

customarily understood in Government contracting parlance; (2) whether DZYNE was entitled to terminate the Subcontract for DZYNE's convenience if the Government had not first terminated the WeatherSAT Project Launch effort under the Prime Contract; and (3) whether the payments made to Spaceflight under the Launch Services Agreement qualify as 'advance payments' as that term is customarily understood in Government contracting parlance." Ex. 1 at 2. Spaceflight reiterated its intent to call Chierichella as an expert witness on these matters in its witness list, filed June 25, 2025.

### III.  LEGAL STANDARD

Trial courts have inherent authority to rule on motions *in limine* and make evidentiary rulings in advance of trial, *see Luce v. United States*, 469 U.S. 38, 41 n.4 (1984), thus allowing for a more complete, considered analysis of "thorny" evidentiary issues, *see United States v. Grullon*, 996 F.3d 21, 28 n.8 (1st Cir. 2021).

### VI.  ARGUMENT

**A.  Legal conclusions, speculation, and skewed case narration exceed Rule 702's scope.**

Under Fed. R. Civ. P. 702, expert opinion evidence is only admissible to the extent that: "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a *fact* in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case." (Emphasis added). The role of the trial court is to "assure that the expert testimony 'both rests on a reliable foundation and is relevant to the task at hand.'" *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010) (citation omitted).

1.  <u>Chierichella should be precluded from testifying to matters of law and providing the jury with his legal conclusions.</u>

Consistent with Rule 704(a), the Ninth Circuit Court of Appeals has repeatedly affirmed that "an expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law." *Nationwide Transp. Fin. v. Cass Info. Sys.*, 523 F.3d 1051, 1058 (9th Cir. 2008) (citation omitted); *see also United States v. Tamman*, 782 F.3d 543, 552 (9th Cir. 2015).

"This prohibition of opinion testimony on an ultimate issue of law recognizes that, '[w]hen an expert undertakes to tell the jury what result to reach, this does not *aid* the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.'" *Moement, Inc. v. Groomore, Inc.*, 2024 U.S. Dist. LEXIS 213899, at *6 (C.D. Cal. Oct. 29, 2024) (citation omitted).

     i. *Construing contractual language is a legal question for the judge, not an expert like Chierichella.*

"The interpretation of a[n unambiguous] contract is an issue of law" and is therefore outside the proper scope of expert testimony. *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996) (rejecting expert testimony interpreting the agreement at issue).

Here, Spaceflight explicitly concedes that the contractual language at issue is unambiguous. ECF No. 61-1, 28. Thus, Spaceflight may not offer Chierichella's testimony "to provide legal meaning or interpret [the LSA or Amended LSA] as written." *McHugh v. United Serv. Auto. Ass'n*, 164 F.3d 451, 453 (9th Cir. 1999); *see also Aya Healthcare Sys. v. AMN Healthcare, Inc.*, 613 F. Supp. 3d 1308, 1320 (S.D. Cal. 2020) ("Unless a contract is deemed ambiguous or there is a term [of art] that requires an expert's [experience-based] explanation, it is improper for an expert to interpret or construe a contract in his opinion.").

Yet Spaceflight disregards this limitation. Indeed, even Spaceflight's disclosure of Chierichella states that he will testify regarding "whether DZYNE was entitled to terminate the Subcontract for DZYNE's convenience if the Government had not first terminated the WeatherSAT Project Launch effort under the Prime Contract." Ex. 1 at 2. Whether DZYNE was entitled to terminate the Subcontract is a matter of contract interpretation which calls for a legal conclusion.

Not surprisingly, then, Chierichella's offered testimony is rife with his interpretation of the agreements and legal conclusions. In his report, Chierichella interprets Section 12(F), the clause at the core of this dispute, as "requir[ing] that DZYNE's termination be 'for' the Government's convenience." Ex. 1 at 21. He further states that Section 12(F) "does not, in my opinion, grant DZYNE an unconditional and unilateral right to terminate the LSA for its own

-3-

Case No. 2:23-cv-10188-MEMF (ADSx)  PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO EXCLUDE EXPERT TESTIMONY

convenience. Rather, it conditions any such termination on a prior Government termination for convenience of the related WeatherSAT Project Launch under the Prime Contract." *Id.* at 19. This is impermissible expert testimony and should be excluded. *Loeb v. Hammond*, 407 F.2d 779, 781 (7th Cir. 1969) ("The question of interpretation of [a] contract is for the jury and the question of legal effect is for the judge. In neither case do we permit expert testimony.").

      ii. *Chierichella cannot present Spaceflight's legal arguments from the witness stand.*

  Relatedly, much of Chierichella's offered testimony is nothing more than thinly veiled legal argument. For example, Chierichella opines in his report that "DZYNE's interpretation of Section 12(F) makes no sense." Ex. 1 at 21. Such a comment more closely resembles an attorney's closing argument than expert testimony. But "[a]rgument is not evidence." *Van Le v. U.S. Citizenship & Immigr. Servs.*, 2025 U.S. Dist. LEXIS 32830, at *4 (C.D. Cal. Feb. 20, 2025); *see also Jacobson v. Schwarzenegger*, 650 F. Supp. 2d 1032, 1044 (C.D. Cal. June 24, 2009) ("Legal arguments do not belong in a declaration."). Spaceflight cannot use Chierichella as its mouthpiece to offer its arguments from the witness stand under the guise of expert testimony. *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 538 (S.D.N.Y. 2004) (explaining that an expert should be excluded where his role is "more to argue the client's cause from the witness stand than to bring to the fact-finder specialized knowledge or expertise that would be helpful in resolving the issues of fact presented by the lawsuit").

    2. <u>Chierichella's speculative testimony as to what DZYNE, AFRL, or Spaceflight thought, intended, or considered is improper and should be excluded.</u>

  Expert testimony based on unsupported speculation is inherently unreliable and thus inadmissible. *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 861 (9th Cir. 2014) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993)). "The opinions of expert witnesses on the intent, motive, or states of mind of corporations, regulatory agencies and others have no basis in any relevant body of knowledge or expertise." *Stone Brewing Co., LLC v. Millercoors LLC*, 2020 U.S. Dist. LEXIS 32010, at *9–10 (S.D. Cal. Feb. 24, 2020) (citation

-4-

Case No. 2:23-cv-10188-MEMF (ADSx) PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO EXCLUDE EXPERT TESTIMONY

modified).

Chierichella's report is littered with speculative conclusions based on his attempt to read the minds of DZYNE, AFRL, and Spaceflight. For example, Chierichella opines on AFRL's intent and motivation in how it handled the termination. *See* Ex. 1 at 19 ("[T]his was a considered decision . . . that was driven by AFRL's monetary interests"). This is exactly the kind of testimony that the Seventh Circuit admonished the district court for admitting in *DePaepe v. GMC*, 141 F.3d 715, 720 (7th Cir. 1998). There, in response to an inquiry as to the motivations for GM's reduction of padding on its sun visors, the expert testified that GM had acted to save money. *Id.* The district court overruled GM's objection, remarking that "as an expert, he can speculate." *Id.* The Seventh Circuit admonished the district court on appeal, stating in no uncertain terms that the expert "lacked any scientific basis for an opinion about the motives of GM's designers." *Id.* In so ruling, the *DePaepe* court emphasized that "district courts must be careful to keep experts within their proper scope, lest apparently scientific testimony carry more weight with the jury than it deserves." *Id.* An expert, like Chierichella, has no expertise in reading the minds of parties, actors, or witnesses, and testimony on those issues is inadmissible under Rule 701(c).

Chierichella claims to know DZYNE's thoughts and understanding of Section 12(f)'s meaning, *see* Ex. 1 at 22 ("DZYNE itself interpreted Section 12(F) in this manner prior to the issuance of the June 5, 2023 AFRL Memorandum."), and the motivations of both DZYNE and Spaceflight, *see id.* 27–28 (opining on motivation of parties in "exclud[ing] any requirement for the establishment of a special bank account"). These are no more than "musings as to [the parties'] motivations [that] would not be admissible if given by any witness—lay or expert." *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d at 546 (citation omitted); *see also* Fed. R. Evid. 702 (expert testimony must be based on "scientific, technical, or other *specialized knowledge*" (emphasis added)); Fed. R. Evid. 602 (requiring personal knowledge for lay witnesses).

In performing its gatekeeping function, the trial court must "make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the

-5-

relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). Experts are allowed to testify to matters that they did not personally observe, but they "need analytically sound bases for their opinions," *DePaepe*, 141 F.3d at 720. Chierichella's speculations about what a party may or may not have intended do not approach the rigorous standard set for experts. The Court should prohibit him from offering the aforementioned (or any other) speculative or subjective opinions. *See, e.g.*, *Stanley v. Novartis Pharms. Corp.*, 2014 U.S. Dist. LEXIS 198861, at *14 (C.D. Cal. May 6, 2014) (granting motion to limit expert testimony regarding defendant's intent, motivations, or state of mind).

        3.      <u>Chierichella may not offer testimony that merely provides a narrative based on record evidence.</u>

Because expert testimony that addresses matters which a jury can understand without expert opinion is inadmissible, "expert testimony cannot be presented to the jury solely for the purpose of constructing a factual narrative based upon record evidence." *Aya Healthcare Servs.*, 613 F. Supp. 3d at 1322. Moreover, expert testimony cannot be used to "simply rehash[]" evidence about which the expert "has no personal knowledge." *Diaz v. Cnty. of Ventura*, 2021 U.S. Dist. LEXIS 245752, at *6 (C.D. Cal. Nov. 22, 2021) (alteration in original) (quotation omitted).

Much of Chierichella's report merely provides a narrative summary of documents already in the record. *See* Ex. 1 at 14–15 (narrating June 7, 2023, letter; June 5, 2023, memorandum; and Section 12(F) of the LSA); *id.* 16–20 (narrating the content of memoranda, letters, and emails). Such testimony is inadmissible narrative evidence and should be excluded. *Aya Healthcare Servs.*, 613 F. Supp. 3d at 1322; *In re Rezulin*, 309 F. Supp. 2d at 551 (rejecting portions of expert's testimony that was "a narrative reciting selected regulatory events" because "[s]uch material, to the extent it is admissible, is properly presented through percipient witnesses and documentary evidence"). Not only is the jury capable of reading these documents and drawing its own conclusions, but as explained above, testimony from Chierichella amounting to telling what conclusions the jury should make is improper and impedes on the role of the jury.

Other portions of Chierichella's "report do[] nothing more than recite general legal

principles and apply them to [Spaceflight's] version of the facts in the case." *FedEx Ground Pkg. Sys., Inc. v. Applications Int'l Corp.*, 695 F. Supp. 2d 216, 221–22 (W.D. Pa. 2010). For example, Chierichella opines, based on his interpretation of "the termination provisions of the FAR and of the LSA" and other record evidence presented by Spaceflight that "it would be incorrect to conclude that the Government terminated the DZYNE Prime Contract for its convenience." Ex. 1 at 12. This testimony "undertakes to tell the trier of fact what result to reach" and "does not aid an understanding of the evidence or the determination of a fact in issue." *Kj-Park, LLC v. Match Grp., LLC*, 2024 U.S. Dist. LEXIS 159937, at *7 (N.D. Cal. Sept. 5, 2024). "[R]ather [Chierichella] seeks to substitute his judgment for that of the trier of fact." *Id.*

**B.    Chierichella's testimony on these topics fails the Rule 403 calculus.**

"[A] judge assessing a proffer of expert . . . testimony under Rule 702 should also be mindful of other applicable rules," including Fed. R. Evid. 403. *Daubert*, 509 U.S. at 595. Rule 403 prohibits otherwise relevant evidence for which the "probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury." Rule 403 is particularly important in the context of expert testimony because of the increased risk that it can "powerful and misleading" due to the "difficulty in evaluating it." *Daubert*, 509 U.S. at 595 (quotation omitted). "Because of this risk, the judge in weighing possible prejudice against probative force under Rule 403 of the present rules exercises more control over experts than over lay witnesses." *Id.* (quotation omitted).

Chierichella's testimony regarding interpretation of the contract, guesses as to the parties' motivations, and narration of the facts through the lens of Spaceflight's legal position has no probative value. Such testimony is simply "not helpful to the [jury]." *FedEx*, 695 F. Supp. 2d at 221 ("[D]istrict courts prohibit experts from offering legal opinions because such testimony is not helpful to the trier of fact."); *see also Tunnel v. Ford Motor Co.*, 330 F. Supp. 2d 731, 741–42 (W.D. Va. 2004) (excluding speculative expert testimony under Rule 403 because it was "devoid of any factual basis"). In fact, it infringes on the jury's role. *See Aya Healthcare Servs.*, 613 F. Supp. 3d at 1321–22 (excluding expert testimony as "more prejudicial than probative"

-7-

where "the testimony would intrude on the jury's role of interpreting the contract provisions at issue").

If there were probative value associated with Chierichella's testimony, it would be far outweighed by the prejudice that presenting it to the jury would cause DZYNE. Chierichella's testimony is essentially Spaceflight's argument propped up as an "expert opinion" with all the special deference such testimony is generally granted. *See Daubert*, 509 U.S. at 595; *United States v. Freeman*, 498 F.3d 893, 903 (9th Cir. 2007) ("[E]xpert testimony is likely to carry special weight with the jury . . . ." (quotation omitted)). Ultimately, "[t]he expert 'patina' that might attach to [Chierichella's] testimony could lead a jury to give his [termination] theory more credibility than it deserves." *Target Corp. v. Greenberg Farrow Architecture*, 2012 U.S. Dist. LEXIS 74928, at *32–33 (D. Minn. May 31, 2012). Under Rule 403, this Court has an "obligation . . . to prevent that from happening." *Id.* It should bar testimony on these topics under Rule 403.

    **C.**    **Chierichella's remaining testimony is an improper attempt to direct the jury's understanding of legal standards.**

Not much is left after subtracting all the elements of Chierichella's testimony that improperly opine on legal issues, make guesses as to the parties' intentions, and regurgitate facts that should go directly to the jury. Nonetheless, even what little remains is improper. Chierichella begins his report by purporting to describe the Government's termination power in "Terminations for Convenience Generally." Ex. 1 at 13–14. He ends his report invoking FAR 52.232-12 as a stepping stone in his opinion that the payments to Spaceflight did not qualify as "advance payments." Ex. 1 at 27. In essence, Chierichella uses these sections to try to explain the law, as he sees it. But it is the Court's role to inform the jury what the law is, not Chierichella's. *E.g.*, *Nationwide Transp.*, 523 F.3d at 1058–59 (affirming exclusion of expert testimony aimed at explaining the law because "instructing the jury as to the applicable law" and "[r]esolving doubtful questions of the law" is "the distinct and exclusive province of the court").

DZYNE anticipates that Spaceflight will attempt to cast Chierichella's regurgitation of the applicable regulations and other law as experience-based explanations of pertinent terms of

-8-

Case No. 2:23-cv-10188-MEMF (ADSx)  
PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO EXCLUDE EXPERT TESTIMONY

art. But "[w]hen the purpose of testimony is to direct the jury's understanding of the legal standards upon which their verdict must be based, the testimony cannot be allowed." *Specht v. Jensen*, 853 F.2d 805, 810 (1988); *see also FedEx*, 695 F. Supp. 2d at 221–22 (rejecting expert report that "reference[d] case law and federal statutes" in order to "opine[] about what is 'required under the law'"). That's precisely what Chierichella is attempting to do here, and it's precisely what the court should not allow.

The Court is capable of instructing the jury of the meaning of "termination for convenience," "constructive termination," and "advance payment," etc., and the nuances associated with each. Indeed, one need look no further than Chierichella's report to see that these terms are defined and explained within the applicable regulations. *See id.* at 13–14, 27–29. Everything else is Spaceflight's improper attempt to instruct the jury on the legal standards underpinning this breach-of-contract action.

### IV.  CONCLUSION

For the foregoing reasons, DZYNE respectfully requests the court grant its Motion *in Limine* No. 1 and issue an order precluding Chierichella from testifying at trial.

Dated: June 25, 2025.

Respectfully submitted,

*s/Craig E. Stewart*

By: Shane M. Biornstad
SHULMAN BASTIAN FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone: (949) 340-3400
sbiornstad@shulmanbastian.com

Craig Stewart (pro hac vice)
Shaun C. Kennedy (pro hac vice)
Alexandria E. Pierce (pro hac vice)
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, Colorado 80202
Telephone: (303) 295-8000
cstewart@hollandhart.com
sckennedy@hollandhart.com
aepierce@hollandhart.com

Attorneys for Plaintiff
DZYNE Technologies, LLC

# CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2025, I have caused the foregoing to be served via electronic mail to the following e-mail addresses:

Joshua K. Leader
jleader@leaderberkon.com

Arthur I. Willner
awillner@leaderberkon.com

I also certify the document and a copy of the Notice of Electronic Filing was served on the following non-CM/ECF participants:

There are no non-participants.

s/ <i>Craig E. Stewart</i>

35158184_v4